George C. THORNTON et al., Appellants,

v.

WINGS OF FAITH TABERNACLE, Inc.,
Appellee.

No. 6597.

Court of Civil Appeals of Texas.

Amarillo.

April 30, 1956.

Rehearing Denied May 28, 1956.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

Stone & Stone, Amarillo, for appellee.

NORTHCUTT, Justice.

This was an action brought by George C. Thornton, Jade P. Phillips, Jr., Olin F. Thornton and Judd El Glick, as plaintiffs, against Wings of Faith Tabernacle, Inc., as defendant, to enjoin the defendant from erecting a church upon Lots Nos. 12, 13 and 14 in Block No. 8 in the Sunset Park Addition to the City of Amarillo, Potter County, Texas. On July 7, 1926, Thedore Cox and R. H. Nicholson as owners of a tract of land out of Section 226, Block 2, AB&M Survey, Potter County, Texas, containing approximately 45.94 acres of land did on that date file for record a plat dividing said tract of land into numbered lots and blocks, dedicating streets therein and naming the subdivision created by said plat "Sunset Park Addition," containing a total of 175 lots. However, the evidence states 174 lots. The addition was divided into 8 Blocks; Block 1 consisting of 24 lots; Block 2 consisting of 25 lots; Block 3 consisting of 24 lots; Block 4 consisting of 12 lots; Block 5 consisting of 12 lots; Block 6 consisting of 27 lots; Block 7 consisting of 26 lots and Block 8 consisting of 25 lots.

In the original dedication no restrictions were imposed. But between July 7, 1926, and March 2, 1929, Cox and Nicholson conveyed 79 of these lots to approximately 79 individuals by separate deeds to each individual, and in each of the deeds restricted the use to residence purposes only, and other restrictions not necessary to mention herein.

On March 2, 1929, Cox and Nicholson deeded 95 lots in the Sunset Park Addition to T. D. Wagner, Trustee; in May, 1932, T. D. Wagner, trustee, conveyed the 95 lots to R. E. Underwood, and on May 2, 1933,

R. E. Underwood conveyed the 95 lots to Forrest Burns. On January 23, 1941, Forrest Burns filed for record two instruments affecting the 95 lots above mentioned owned by him. The first instrument was designated as "Declaration of Neighborhood Committee" and the other .one was certain restrictions placed upon the lots owned by Burns.

George C. Thornton acquired title to lot 19, Block 8 of Sunset Park Addition on September 14, 1949; Jodie P. Phillips, Jr., acquired title to lot 17, Block 8 on February 8, 1950; Olin F. Thornton acquired title to lot 16, Block 8 on September 19, 1949; Joel E. Glick acquired title to lot 15, Block 8 on June 20, 1950, and in July, 1954, Wings of Faith Tabernacle, Inc., acquired title to lots 12, 13 and 14, Block 8.

In December, 1953, a majority of the owners of the lots in Sunset Park Addition executed a certain instrument referred to in this record as exhibit "C" which was recorded in Volume 612 at page 559 of the Deed Records of Potter County, Texas, authorizing and directing the "Neighborhood Committee" to annul all restrictions and to permit the Wings of Faith Tabernacle, Inc. to construct its church upon lots 12, 13 and 14 in said Block 8. In accordance to such request and direction of said majority of the lot owners in said Addition said "Neighborhood Committee" did on April 30, 1954, execute and have filed for record an instrument abrogating and annulling any and all restrictions and permitting said church to be built. However, said committee retained the right to examine and approve the specifications for the erection of said church.

The case was tried to a jury and after the close of the evidence, both parties presented to the court their request for an instructed verdict. The trial court instructed a verdict for the Wings of Faith Tabernacle, Inc., and overruled the appellants' motion and entered judgment accordingly, and from this judgment appellants have perfected this appeal.

Appellants present their appeal upon two points of error. First point of error is that the trial court erred in sustaining appellee's motion for an instructed verdict and in entering judgment declaring the restrictions released on Lots 12, 13 and 14 in Block 8, Sunset Park Addition. The second point is that the court erred in overruling appellants' motion for an instructed verdict. Although there seemed to be no question of fact for the jury to pass upon and the case turned solely upon a question of law, the same effect was reached as if the case had been withdrawn from the jury when the court passed upon the question of law. Both points will be discussed jointly.

We are aware of the right of parties to contract with relation to restricting the use of property, and if all that Forrest Burns had done was to file the restrictions, we would not have any trouble in determining that the appellants had the right to enforce those restrictions. But at the same time Mr. Burns filed for recording the restrictions he also filed for recording the instrument creating the "Neighborhood Committee." If the restrictions controlled the entire matter, there would have been no use in Mr. Burns filing the instrument giving a committee the right to do certain things. Then the two instruments must be construed together since they were filed together covering the same matters, and both of them were on record when all of the parties to this suit obtained their lots in Block 8. Some of the provisions setting out the powers of the "Neighborhood Committee" were as follows:

*First:* To approve or disapprove the external design of all buildings in the Subdivision for conformity and harmony with existing structures in the subdivision or, if there are no structures, to determine the architectural character of structures to be placed therein.

*Second:* To approve or disapprove the location of all buildings in the Subdivision with respect to existing topography or proposed finished ground elevations; and the location of all buildings with respect to property lines *except* as otherwise provided in either the recorded covenants or the recorded plat or both.

*Third:* To perform such other duties for the benefit of the several owners of lots in the Subdivision as may be authorized from time to time by vote of said lot owners as hereinafter provided.

*Additional Duties:* The committee may be authorized or directed from time to time to assume community duties other than those described above. Such authorization shall be by vote of the owners of a majority of the lots in the Subdivision and shall be recorded as a further declaration of their Powers and Duties in the public records.

The committee was authorized to perform other duties as might be authorized from time to time by vote of said lot owners as thereinafter provided—it was thereinafter provided: "Such authorization shall be by vote of the owners of a majority of the lots in the subdivision and shall be recorded as further declaration of their Powers and Duties in the public records."

The owners of a majority of the lots in Sunset Park Addition executed and had recorded in Volume 672 at page 559 of the Deed Records of Potter County, Texas, "Stipulation Exhibit C" which in part authorized and directed the committee to abrogate and annul any and all restrictions, and consented to the erection of the church in question. In accordance with such request and direction on the part of the owners of a majority of the lots in said addition, the committee did on April 30, 1954, execute and have recorded an instrument designated as "Annulment of Restrictions" in which it entered its order or approval permitting the erection of the church in question, and made other findings and approvals not necessary to mention herein other than to state that said committee had been informed and believed there had been a general disregard of many of such restrictions.

■■ It is urged that in that part of the instrument appointing the "Neighborhood Committee" wherein it provides: "Said Neighborhood Committee shall have the following powers and duties, wherever in the exercise of its discretion it may deem them necessary or advisable, *provided* that nothing herein contained shall be deemed to prevent any owner having the contractual right to do so, from enforcing any protective covenants in his own name," shows conclusively that Mr. Burns recognized that the committee could not change the restrictions. The first thing to determine would be what his contractual rights were and that would be determined by the two instruments, namely, Declaration of Neighborhood Committee and the instrument declaring the restrictions. To construe these instruments that the owner of one lot could enjoin the building of the church in question regardless of the action taken by the committee upon the request or direction of the majority of the lot owners would be to disregard altogether the Declaration of Neighborhood Committee. That proviso means nothing more than that if the committee did not deem it necessary or advisable to do a certain thing then the individual lot owner had the right to proceed; but here the committee at the direction of a majority of the lot owners did deem it necessary and advisable to do as they did. Since these two instruments, concerning the same property, were filed and recorded together, and must be construed together, it is provided how the conditions may be changed by the Neighborhood Committee. These instruments which were filed and recorded together created the restrictions and likewise creates the right and method to amend the restrictions, and we think that appellants and appellee purchased the lots under the provisions of the same instruments, and if there is any uncertainty, the uncertainty must be construed in favor of the grantee. Couch v. Southern Methodist University, Tex.Com.App., 10 S.W.2d 973; Baker v. Henderson, 137 Tex. 266, 153 S.W. 2d 465. Judgment of the trial court is affirmed.